IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

STARR CONSULTING, INC.; )
CREATIVE GAMING CONSULTANTS, )
INC.; and THOMAS PIERSON, )
　)
Plaintiffs, )
v. ) 1:06CV586
　)
　)
GLOBAL RESOURCES CORP.; )
NUTRATEK LLC; JOHNNY SANCHEZ; )
and VIRGINIA SANCHEZ, )
　)
Defendant. )

MEMORANDUM AND ORDER

Beaty, Chief Judge.

This matter is before the Court on a motion [Document #36] by Defendant, Global Resource Corp. ("Global" or "Defendant"), incorrectly identified in the Complaint [Document #1] as "Global Resources Corp.," to set aside entry of default and default judgment. On June 30, 2006, Plaintiffs filed a Complaint with this Court alleging securities fraud, breach of fiduciary duty, common law fraud, and conspiracy. After Defendant failed to respond to the Complaint, Plaintiffs filed a Motion for Entry of Default with the Clerk of Court against Global on March 13, 2007 [Document #30]. Based upon this motion, the Clerk of Court made an Entry of Default against Defendant on March 14, 2007 [Document #31]. Plaintiffs then filed a Motion for Default Judgment as to Global on June 14, 2007 [Document #33]. On June 20, 2007, the Court granted Plaintiffs' Motion for Default Judgment against Global, awarding Plaintiffs $208,853.76, plus

interest [Document #34].

I. FACTS

Global now seeks to set aside the default judgment entered by the Court in this matter because of its contention that it was never served with the Summons and Complaint. Plaintiffs admit that when the Summons was prepared, the Summons incorrectly identified the address for "Global Resources Corp." as being in Vista, California, and Plaintiffs never received a return receipt. Despite Plaintiffs' error in service of process, Global acknowledges, through its agent Mark Johnson ("Johnson"), that it was contacted in September 2006 by Gilbert Andia ("Andia"), attorney for Plaintiffs, regarding the lawsuit. Both parties agree that on September 12, 2006, Andia sent Global a copy of the Complaint and attachments thereto via email to Global's then President, Mary Radomsky ("Radomsky"). Radomsky acknowledged service on behalf of Global in a document prepared by Andia, which was filed with the Clerk of Court on September 12, 2006.

Both parties also agree that between September 2006, and December 2006, representatives from Global and the Plaintiffs met to discuss the possibility of settlement. Global contends that the parties reached an agreement in principle whereby Plaintiffs would receive stock in Global, in exchange for the Plaintiffs' assurance that they would minimize the amount of compensation received from Global by aggressively pursing other Defendants. Global also contends that Plaintiffs agreed not seek an entry of default or default judgment against Global while settlement discussions were on-going. Plaintiffs admit that they continued to make assurances that they

2

were not interested in seeking a default judgment through December 2006. However, Plaintiffs contend that settlement discussions ended after December 2006, when Plaintiffs' attorney stopped receiving communications from Global. Defendant's attorney, Johnson, contends that his attempts on behalf of Global to contact Plaintiffs' attorney and the Plaintiffs, in order to finalize settlement after December 2006 were futile because the parties were either unavailable to speak with him or his phone calls to them were never returned. Andia admits that he was contacted again by another attorney named Richard Fox ("Fox") on behalf of Global on February 16, 2007. At that time, Fox informed Andia that Global did not believe it was a proper party to the lawsuit and that it intended to proceed with filing the appropriate motions to have Global dismissed from the suit.

On March 13, 2007, Plaintiffs, believing that settlement discussions with Global had reached an impasse, moved for Entry of Default against Global pursuant to Federal Rule of Civil Procedure 55(a). The Motion for Entry of Default was granted by the Clerk of Court on March 14, 2007 [Document #31]. Plaintiffs then filed a Motion for Default Judgment on June 14, 2007 pursuant to Rule 55(b)(2) [Document #33]. The Court granted Plaintiffs' motion on June 20, 2007 [Document #34]. Global, however, was never served with copies of Plaintiffs' request for Entry of Default, or Plaintiffs' Motion for Default Judgment. A copy of the Order of Default Judgment was, however, sent to a Vista, California address for the Defendant supplied by the Plaintiffs. The Order was returned to the Clerk of Court on July 2, 2007, marked "undeliverable" and "unable to forward." On July 22, 2007, Global filed an Answer [Document

3

#35] and a Motion to Set Aside Entry of Default and Default Judgment [Document #36] pursuant to Rules 55(b)(2) and 60(b) because it did not receive notice of the Default Judgment. In the alternative, Global seeks relief against the Default Judgment due to surprise, mistake or excusable neglect.

II. DISCUSSION

A. Default Procedure Under Rule 55

As a general matter, the law disfavors default judgments. <u>Tazco Inc. v. Director, Office of Workers Compensation Program, U.S.</u>, 895 F.2d 949, 951 (4th Cir. 1990). However, "[a]lthough the clear policy of the Rules is to encourage dispositions of claims on their merits, trial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom." <u>U.S. v. Moradi</u>, 673 F.2d 725, 727 (4th Cir. 1982) (internal citation omitted). Rule 55(b)(1) provides that the clerk shall enter a default judgment against a defendant when the plaintiff's claim is for a sum certain and "if the defendant has been defaulted for failure to appear . . ." Fed. R. Civ. P. 55(b)(1) (2007). In cases in which an appearance has been made, Rule 55(b)(2) provides a basis for obtaining a default judgment and states: "If the party against whom judgment by default is sought has appeared in the action, the party . . . shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application." Fed. R. Civ. P. 55(b)(2). The issue before the Court is whether Global made an appearance in the case prior to issuance of the Entry of Default or the Default Judgment. If Global made an appearance, the Default Judgment could be entered only

4

by the Court pursuant to Rule 55(b)(2) which would have required Global to have received a timely and written notice of the application for Default Judgment. Global contends that it made an appearance, and thus Entry of Default by the Clerk under Rule 55(b)(1) was improper. Global also contends that it was entitled to notice of default under Rule 55(b)(2), that it did not receive notice of default, and that consequently, the Default Judgment should be set aside. Plaintiffs, however, contend that Global failed to make an appearance, and that Entry of Default by the Clerk pursuant to Rule 55(b)(1) was not in error.

Traditionally, an appearance requires some actual or physical appearance before the Court. Trust Co. Bank v. Tingen-Millford Drapery Co., Inc., 119 F.R.D. 21, 22 (E.D.N.C. 1987). It is evident that in this case Global did not make an "appearance" as the term is traditionally understood. The Court notes that Global, through its authorized agent, acknowledged service of process in a document that was filed by Plaintiffs' attorney on October 2, 2006. However, a corporation may not appear pro se, but must be represented only be duly licensed counsel. Allied Colloids, Inc. v. Jadair, Inc., No. 96-2078, 1998 WL 112719 (4th Cir. March 16, 1998) (citing Rowland v. California Men's Colony, 506 U.S. 194, 202, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993)). Nevertheless, courts have broadly construed the word "appear," allowing "appearances by implication" when there is an "objective manifestation of intent on the part of the defendant or counsel to defend the action." Trust Co. Bank, 119 F.R.D. at 22; International Thomson Publ., Inc. v. Softquad Int'l, Inc., 190 F.R.D. 395, 398 (E.D.N.C. 1998); Charlton L. Davis & Co. v. Fedder Data Center, Inc., 556 F.2d 308, 309 (5th Cir. 1977); H.F.

5

Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.2d 689 (D.C. Cir. 1970).

It is uncontested that the parties began settlement negotiations in September 2006. Plaintiffs and their attorneys met with representatives from Global in face-to-face meetings in Florida and New York to discuss proposed settlement terms. Global contends and Plaintiffs admit that Plaintiffs agreed not to seek a default judgment against Global while settlement negotiations were ongoing. Global contends that the parties had reached an agreement in principle, and that it was never informed of Plaintiffs' decision to terminate settlement discussions and proceed with the suit. Global further contends that numerous attempts to contact Plaintiffs and their representatives after December 2006 were thwarted or ignored. Plaintiffs argue, however, that settlement discussions were an attempt to delay as part of Global's litigation strategy and that such discussions ended in December 2006. Plaintiffs admit, however, that their attorney, Mr. Andia's, last contact with Global regarding the lawsuit was on February 16, 2007. On February 16, 2007, Mr. Andia contends that he received a phone call from Global's attorney, Mr. Fox, who informed him that Global did not believe that it was a proper party to the suit, and that Global would proceed with filing the appropriate motions to have it dismissed from the suit. Regardless of the parties' disagreement as to when settlement discussions ended, it is evident from the February 16, 2007, telephone conversation between Mr. Andia and Mr. Fox that Global demonstrated its intent to defend the suit. See, Muniz v. Vidal, 739 F.2d 699 (1st Cir. 1984) (indication of intent to litigate in settlement negotiations sufficient to establish an appearance requiring notice under Rule 55(b)(2)); Lutomski, 653 F.2d 270 (6th Cir. 1981)

6

("Several cases have held that informal contacts between parties may constitute an appearance. The contacts must 'indicate the defaulting party intends to defend the suit'")(internal citations omitted); H.R. Livermore Corp., 432 F.2d at 691-92 (during settlement negotiations, parties exchanged letters in which defendant made its intention to defend the suit and plaintiffs' attorney admitted that he knew defendant was prepared to contest the matter). If Plaintiffs believed that Global was engaging in "dilatory tactics," then "notice under Rule 55 would have promptly resolved the matter." Charlton L. Davis & Co., v. Fedder Data Center, Inc., 556 F.2d 308, 309 (5th Cir. 1977). Instead, "[P]laintiff[s] sought to reap [a] tactical advantage," Id., by filing for an entry of default with the Clerk of Court less than one month after the February 16, 2007, telephone conversation with Global and three weeks after the only co-defendant over which Plaintiffs obtained service of process was dismissed from the suit. The Court also notes that while Plaintiffs in their request for Entry of Default Judgment mentioned that Global acknowledged service of process in September 2006, Plaintiffs made no mention of their extensive contact for months thereafter with Global and its representatives. When parties have communicated extensively during on-going litigation matters, and one party seeks to reap a strategic advantage by obtaining a default judgment without the knowledge of the opposing party, "such practice is what [the notice requirement of] Rule 55 was designed to prevent." Id.

Based upon the foregoing facts, the Court deems the conduct of Defendant as being an appearance in the matter, and therefore finds that the Entry of Default under Rule 55(b)(1) was not appropriate. Therefore, Defendant's request to set aside Entry of Default will be granted.

Case 1:06-cv-00586-JAB-WWD   Document 46   Filed 12/11/07   Page 7 of 11

With regard to the Default Judgment entered by the Court, the Court finds that the notice requirements of Rule 55(b)(2) were not met in that the Defendant did not receive written notice three days in advance of Plaintiffs' application for Default Judgment. Rule 55(c) provides, however, that relief from a default judgment must be analyzed under Rule 60(b). Fed. R. Civ. P. 55(b)(c) (2007). Therefore, the Court now turns to an analysis of the factors set forth in Rule 60(b) to determine whether to set aside the default judgment.

B.  Relief From Judgment Under Rule 60(b)

Pursuant to Rule 55(c) the Court may, "[f]or good cause shown . . . set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. P. 55(c) (2007). Relief under Rule 60(b) is granted or denied at the discretion of the court. Consolidated Masonry & Fireproofing Co., v. Wagman Constr. Corp., 383 F.2d 249 (4th Cir. 1967). Failure to provide notice under Rule 55(b)(2), although a factor, is not *ipso facto* grounds for relief under Rule 60(b). The Fourth Circuit has held that in order to obtain relief under Rule 60(b), "a moving party must show that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside. If the moving party makes such a showing, he must then satisfy one or more of the six grounds for relief set forth in Rule 60(b) in order to obtain relief from the judgment." Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987). Rule 60(b) factors include: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for

8

a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged . . .; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

Considering these factors, the Court notes first that the record reveals that an Order of Default Judgment was ordered by this Court on June 20, 2007. Global filed its Motion to Set Aside Entry of Default and Default Judgment on July 26, 2007, approximately one month after learning of the default judgment. The Plaintiffs do not contend that Defendant's motion is untimely. This Court finds that the time period in which Global filed its Motion to Set Aside Entry of Default and Default Judgment was not unreasonably lengthy. Therefore, Global's motion was timely.

Secondly, the Defendant's Answer indicates that Global has several potentially meritorious defenses such as statute of limitations, release, waiver, estoppel, and laches, as well as the denial of the factual allegations contained in Plaintiffs' complaint. Furthermore, Defendant's Answer, affidavits and Motion to Set Aside Entry of Default and Default Judgment raise serious questions as to whether this Court has personal jurisdiction over Global, and whether this Court is the proper venue to hear Plaintiffs' claims; questions which merit further inquiry and determination. Moreover, Defendant's contentions, if established, would render this Court's Default Judgment void under Rule 60(b)(4). In re Penco Corp., 465 F.2d 693, 694 (4th Cir. 1972)(stating that without personal jurisdiction, the judgment is void and the party against

9

whom default judgment was granted is entitled to relief under Rule 60(b)(4)) . Considering the defenses raised by Defendant in its Answer, as well as the jurisdictional issues raised in both the Answer and its motion presently before the Court, the Court finds that the Defendant has sufficiently stated a meritorious defense.

Next, in the present case, there is no evidence that Plaintiffs would be prejudiced by the vacation of the default judgment. Because Plaintiffs were aware that Global intended to defend the suit, an order to vacate the judgment would not present an undue hardship or be of any surprise to the Plaintiffs.

Finally, as to the factors set out in Rule 60(b), to the extent that there are factual discrepancies as to when attempts to reach a settlement were concluded, and there is some question regarding whether Plaintiffs' breached their agreement not to seek default judgment, the Court finds that at the very least, there were misrepresentations or perhaps misunderstandings which may have prevented the Defendant from filing the necessary response that would have protected it from default judgment previously entered by this Court. In light of this determination, the Court concludes that Defendant's failure to file the appropriate responsive pleading in this case was due to mistake, inadvertence, surprise or excusable neglect. Fed. R. Civ. P. 60(b)(1). Therefore, Global has satisfied grounds for relief under Rule 60(b), entitling it to relief from default judgment.

III. CONCLUSION

Under the aforementioned circumstances, Defendant's manifestation of its intent to

defend this suit constituted an appearance for the purposes of Rule 55. Because the Court in its discretion has determined that Defendant made an appearance, the Entry of Default was not consistent with the requirements of Rule 55. IT IS THEREFORE ORDERED that the Order by the Court granting Plaintiffs' request for Entry of Default against Defendant Global Resources, Inc. [Document #31] shall be set aside. Furthermore, the Court finds that the Defendant has satisfied the requirements for seeking relief of Default Judgment pursuant to Rule 60(b). Therefore, IT IS FURTHER ORDERED that the Order by the Court granting Plaintiffs' Motion for Default Judgment against Global Resources Corporation in the sum of $208,853.76, plus interest [Document #34], shall be set aside. Thus, Defendant's Motion for Relief from Entry of Default and Default Judgment is hereby GRANTED.

This, the 11th day of December, 2007.

_____
United States District Court Judge